Date signed February 01, 2012



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| AMERIDEBT, INC. | : | Case No. 04-23649PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM

This case comes before the court on the United States Trustee's Objection to the Fifth Interim Application of the Chapter 11 Trustee and Counsel to the Chapter 11 Trustee for Allowance of Fees and Reimbursement of Expenses.  The gist of the Objection is found at paragraphs 11 and 12 of the Objection where the United States Trustee cites *In re J.W. Knapp Co.*, 930 F.2d 386, 388 (CA4 1991), and other cases for the well settled proposition that an attorney who is also appointed to represent himself while acting as trustee cannot be compensated as an attorney for services statutorily required of the trustee.  Nothing in this Memorandum should be taken to denigrate the services rendered by the Trustee.  This decision just addresses the situation that when his firm also acts as counsel to the Trustee it may not double-dip on compensation by receiving both the Trustee's commission and compensation as attorneys for doing the Trustee's work.  It should be noted that to date, aside from the attorney's fees awarded to his law firm to date, the Trustee has been allowed a commission of $166,850.00.

As pointed out in the case of *In re Lexington Hearth Lamp & Leisure, LLC*, 402 B.R. 135, 142-43 (BC M.D.N.C. 2009), while § 328(b) of the Bankruptcy Code authorizes a trustee to serve as attorney for the estate, it limits compensation for services as attorney for legal work and not for performance of any of the trustee's duties that are generally performed by a trustee

without the assistance of an attorney.  As noted in Judge Keir's opinion in the case of *In re Sydnor*, 431 B.R. 584, 592 (BC Md. 2010), it is the duty of a Chapter 11 trustee to file monthly reports.  The Chapter 11 Trustee urges that in the Southern District of New York and various other venues hosting large bankruptcy cases that it is the normal practice for attorneys to review the monthly operating reports.  However, looking at the most recent monthly operating report filed January 30, 2012, the court is hard-pressed conceive of the necessity for an attorney from the Trustee's firm to assist with answering the questions that are clearly within the knowledge of the Trustee and at his fingertips.

       Therefore the United States Trustee's objection is SUSTAINED.  The United States Trustee shall submit an appropriate order.

cc:
Mark D. Taylor, Esq., 607 14th Street, NW, Suite 900, Washington DC 20005
Gerard R. Vetter, United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**